## AMY RUSSELL v. THE STATE.

### No. 2538. Decided June 18, 1913.

**1.—Aggravated Assault—Insufficiency .of the Evidence—Deadly Weapon.**

Where, upon trial of aggravated assault alleging a deadly weapon, etc., there was no evidence that the stick used by the defendant was a deadly weapon or that serious bodily injury was inflicted, a charge of the court submitting the law of aggravated assault is reversible error.

**2.—Same—Charge of Court—Self-defense.**

Where, upon trial of aggravated assault, the evidence showed self-defense, the court should have submitted this issue without any limitation, and erred in refusing a requested charge which correctly submitted the law.

**3.—Same—Evidence—Res Gestae Statements.**

Upon trial of aggravated assault, the court erred in not admitting in evidence the res gestae statement of the defendant made a few minutes after the difficulty, while her wound was bleeding and she was laboring under the excitement incident to the difficulty.

**4.—Same—Evidence—Moral Turpitude—Opinion of Witness.**

Upon trial of aggravated assault, it was error to permit defendant's witness to answer that his license as a saloon keeper had been forfeited, and his opinion that this was on account of keeping a house of prostitution.

Appeal from the County Court of Jefferson. Tried below before the Hon. R. W. Wilson.

Appeal from a conviction of aggravated assault; penalty, a fine of $50 and ninety days confinement in the county jail.

The opinion states the case.

*Blain & Howth,* for appellant.—On question of the insufficiency of the evidence: Parish v. State, 153 S. W. Rep., 327; George v. State, 21 Texas Crim. App., 315; Miller v. State, 62 Texas Crim. Rep., 507, 138 S. W. Rep., 113; Howsley v. State, 55 Texas Crim. Rep., 372, 116 S. W. Rep., 816.

On question of deadly weapon: Bush v. State, 52 Texas Crim. Rep., 398, 107 S. W. Rep., 348; Melton v. State, 17 S. W. Rep., 257; Flournoy v. State, 7 S. W. Rep., 865; Gladney v. State, 12 S. W. Rep., 868; Hamilton v. State, 60 Texas Crim. Rep., 258, 131 S. W. Rep., 1127; Wilson v. State, 15 Texas Crim. App., 150.

On question of court's charge on self-defense: Parish v. State, supra; Marsden v. State, 53 Texas Crim. Rep., 458; Aycock v. State, 61 Texas Crim. Rep., 9, 133 S. W. Rep., 683.

On question of moral turpitude: Holmes v. State, 150 S. W. Rep., 926; Pollok v. State, 101 S. W. Rep., 231.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault, her punishment being assessed at a fine of $50 and ninety days imprisonment in the county jail.

The complaint and information charged that she beat Chaney Thomas, wounding and bruising her with a club and inflicted serious bodily injury upon her, and that the club was a deadly weapon. The evidence fails to show the size of the club or stick, and there is no evidence as to whether it was a deadly weapon or was not a deadly weapon, except the statement of facts simply shows the defendant struck Chaney Thomas on the knuckles of one of her hands with a stick. There is no evidence that the wounds were serious, and none offered to so show. Chaney Thomas testified that was the only bruise she had resulting from the fight. The evidence is very much in conflict as to who was the aggressive party. Chancey Thomas was armed with a knife and inflicted several serious wounds upon the defendant. There is evidence that Chaney Thomas chased appellant, and that appellant fought back with the stick, and that Chaney Thomas during the fight cut her several times. This is a sufficient general statement of the case, we think, to bring in review the questions raised.

Under this state of case appellant is not guilty of aggravated assault. There is no evidence that the stick was a deadly weapon, or that serious bodily injury was inflicted, and no attempt to show either. If appellant was the aggressive party, the assault under this record would not be of a more serious nature than simple assault. For this reason the judgment must be reversed. This matter is raised in several ways, and we deem it unnecessary to go farther than to state that the evidence is not sufficient to support a conviction for aggravated assault, and if the evidence upon another trial is such as developed by this record, the court should not submit the issue of aggravated assault to the jury. It is thought not necessary to cite authorities.

The court charged the jury, in reference to self-defense, "That every person is permitted by law to defend himself against any act of unlawful violence offered to his person, but in exercising this right of self-defense he is only permitted to use such degree of violence as is reasonably necessary to prevent or protect himself against such unlawful violence. Now, if you believe from the evidence that the defendant, in inflicting the injury upon the said Chaney Thomas as charged in the complaint acted in her own necessary self-defense, against an assault made by said Chaney Thomas upon her, or to prevent such assault, and that she did not use greater force than was necessary to prevent such assault, then you will find her not guilty." Objections were urged to this charge, and the following especial requested instructions presented to the court, which were refused: "A reasonable apprehension of bodily harm will excuse a party in using all necessary force to protect her person, and it is not necessary that there should be actual danger, provided she acted

upon a reasonable apprehension of danger as it appeared to her from her standpoint at the time, and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of wounding her assailant.

"If from the evidence you believe the defendant struck the said Chaney Thomas, but further believe that at the time of so doing she had made an attack on her or was making or about to make an attack on her which from the manner and character of it and the relative strength of the parties and the defendant's knowledge of the character and disposition of Chaney Thomas caused her to have a reasonable expectation or fear of bodily injury, and that acting under such reasonable expectation or fear the defendant struck Chaney Thomas, then you should acquit her; and if Chaney Thomas was armed at the time she was struck and was making such attack on defendant, and if the weapon used by her and the manner of its use were such as were reasonably calculated to produce bodily harm, then the law presumes that she intended to inflict bodily injury upon the defendant.

"In other words, if you believe Chaney Thomas was making, had made or was about to make an attack on defendant, then you are instructed defendant had the legal right to strike back in her own defense and to use all necessary force to repel the attack upon her, and if you so believe you will acquit her or if upon this point you have a reasonable doubt, you will give her the benefit of such doubt and acquit her.

"And in this connection you are further instructed that she would have the same right to defend her person against an attack made or about to be made without any weapon as she would against such attack with a weapon, except that the degree of force which she would be authorized to use would depend upon the character of attack made or about to be made, and the whole matter must be judged of from defendant's standpoint."

Appellant testified that "Chaney began to walk fast, and when I crossed the street I run, and Chaney run behind me, and this board was lying down there, and Chaney run at me, and I never did get to raise the thing up, when she run at me and hit me with her knife, and I dropped the stick." Beatrice Roberts testified: "Amy went on down the street, and Chaney gets up and goes down the street behind her. She had the knife in her hand." Charles Ainsworth testified: "I didn't see who struck the first lick. I saw Chaney Thomas running Amy Russell with a knife, and Amy running. The actual attack occurred round the corner from me." Under this testimony, which is rather a concrete statement of the case, the court's charge was wrong. If Chaney Thomas was chasing Amy Russell, and Amy Russell was trying to get the stick, and even did get it and strike her, she had the perfect right of self-defense without any limitation. She was not required to retreat or avoid more force than was necessary. Chaney Thomas was chasing her with a knife, and the facts show inflicted several sharp wounds upon the body of appellant with the knife. The court's charge was error, and

the special charge requested by appellant more correctly presented the law applicable to the case.

Bill of exceptions was reserved to the action of the court refusing to permit Dr. Winters to testify to a res gestae statement of appellant a few minutes after the difficulty. Dr. Winters was called in as physician a few minutes after the difficulty and while the wound was bleeding and appellant laboring under the excitement incident to a fight of this sort. She made a statement to Dr. Winters as to the difficulty, and how it occurred. If upon another trial it is offered under the circumstances stated, we are of opinion that it should be permitted to go to the jury. The bill is lengthy, and it is unnecessary here, we think, to state all the matters contained in the bill, but as presented we think it was a res gestae statement.

While the witness Ainsworth was on the stand testifying, over objections of appellant, he was required to answer that his license as saloon-keeper had been forfeited, and when asked if it was not forfeited for the assigned reason, that he was keeping a house of prostitution, he answered, "I think so." We are of opinion that this evidence, as here presented, upon another trial should not be permitted to go to the jury. This is but the statement of conclusion of the witness why he thought the authority forfeiting the license did so. It was not undertaken to show as a fact that appellant was keeping a house of prostitution in connection with his saloon, or that it was a disorderly house or that as a fact it was for this reason forfeited. They were only proving by him the fact that his license had been forfeited, and that he thought the reason for it was that the forfeiting authority thought he had been using it as a disorderly house. It was but an expression of opinion on the part of the witness that he thought such was the reason. As that matter is presented in the bill it should not have been permitted to go to the jury.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*